Manuel González et al., Petitioners, *v.* District Court of Arecibo, Respondent.

No. 669.   Argued November 4, 1929.—Decided November 14, 1929.

*E. Martínez Avilés*, for petitioners.   *A. Reyes Delgado*, for intervener.

Mr. Chief Justice Del Toro delivered the .opinion of the . court.

In the Municipal Court of Camuy an action was instituted to recover two acres of land valued at two hundred dollars and judgment was rendered in favor of the plaintiff.

The defendants appealed to the District Court of Arecibo and the record having been sent up appellee moved for a dismissal of the appeal on July 23, 1928, on the ground that appellants failed to apply for the inclusion of the case in the calendar of civil causes whose reading had taken place some time after the record of appeal was filed, and also had failed to deposit the internal revenue stamps required by law.

Notice of the motion was served on the appellants and a hearing thereof having been set it was continued on their motion.   The motion was again set down for hearing on May 20, 1929, and on the 12th of the following June the court decided the motion and made an order dismissing the case.

On June 17, 1929, appellants moved for reconsideration of the order of dismissal on the ground that the order had surprised them, who had not been notified of the setting and

that appellee had agreed with them to withdraw his motion. Appellants also alleged that the district court had no jurisdiction on appeal to hear the case, since by reason of the subject matter the municipal court had no jurisdiction of the action.

The court denied the motion for reconsideration, whereupon appellants applied to this court for a writ of certiorari to review and vacate the proceedings in the district court. At that time we had under consideration the fundamental question of whether or not municipal courts had jurisdiction of actions to recover real property where its value did not exceed five hundred dollars and the writ was issued, the hearing having been set for the 4th of November instant. Only the appellee appeared at the hearing.

It is evident that the petitioners were not much concerned with the procedural point raised but seemed to rely solely on the question of jurisdiction to secure a decision from the district court to the effect that the municipal court had no power to intervene and therefore to render a judgment in an action of revendication, the jurisdiction of which belonged to the district court irrespective of the amount involved therein.

This question was extensively discussed and decided against the contention of the petitioners in a certiorari proceeding instituted by *Ramón Pujals Carlo against the District Court of San Juan,* decided July 26, 1929.

The procedural question is simple and was rightly decided in accordance with the law by the district court.

Subdivision (*b*) of section 3 of the Act to regulate appeals from judgments of municipal courts in civil cases as amended by Act No. 93 of 1917, promulgated by reason of a decision of this court on the 11th of March, 1919, is conclusive. It reads as follows:

"(*b*) In case the appellant fails to solicit the inclusion of the action in the calendar, the district judge shall dismiss the action, taxing the costs upon the appellant and the secretary shall imme-

diately forward the case to the lower court for the execution of the judgment appealed from."

No service of notice was required. (*Marrero* v. *Muller,* 35 P.R.R. 339, and *Morales* v. *District Court,* 35 P.R.R. 835.) The action had been filed more than a year previously. Several readings of the calendar had taken place without appellants complying with the statutory requirement. The court was not bound to take notice of a private agreement between the attorneys, of which it had no knowledge. Good practice requires that stipulations between attorneys should be put in writing and submitted to the approval of the court. It is expressly prescribed by rule 27 of the Rules for District Courts that: "No stipulation between the attorneys or the parties regarding any matter which is pending shall be binding unless it is put in writing, signed and delivered with the other documents for the purpose of making it a part of the record; or unless it is made in open court for the same purpose."

The writ issued must be quashed and the case remanded to the district court for further proceedings in accordance with this opinion.

Mr. Justice Hutchison took no part in the decision of this case.